IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| JAMES DALE WILLIS, and wife,<br>KELLY R. WILLIS, | )<br>)<br>) | |
| Plaintiffs, | )<br>)<br>) | |
| vs. | )<br>)<br>) | CASE NO. 1:09-0095<br>JUDGE CAMPBELL/KNOWLES |
| WAL-MART STORES, INC.,<br>and<br>JOHN DOE, INC.,<br>and<br>HUNTER'S VIEW, LTD., | )<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court, *sua sponte*, with regard to an issue concerning this Court's jurisdiction. "[E]very federal court, whether trial or appellate, is obliged to notice want of subject matter jurisdiction on its own Motion." *Things Remembered, Inc. v. Petrarca, Inc.,* 516 U.S. 124, 132 n.1 (Ginsburg, J., concurring). *See also Answers in Genesis of Kentucky, Inc., v. Creation Ministries International, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*.").

The Court held the Initial Case Management Conference in this action April 14, 2010. Counsel for Plaintiffs and counsel for Defendant Wal-Mart Stores, Inc., attended the ICMC. At the ICMC, the Court noted that Defendant Wal-Mart Stores, Inc., had removed this action from the Circuit Court of Lewis County on December 30, 2009, on the basis of diversity jurisdiction.

Docket No. 1.  The Court also noted that an "Amended Complaint," which was filed on March 15, 2010 (Docket No. 11), and which added a new Defendant, Hunter's View, Ltd., appeared to have been improperly filed, because Defendant Wal-Mart had previously filed an Answer (Docket No. 6), and Plaintiffs had not obtained leave of court to file an Amended Complaint. Plaintiffs' counsel explained that an essentially identical Amended Complaint naming Hunter's View, Ltd., as an additional Defendant had been properly filed in the Circuit Court for Lewis County before this action was removed.  Wal-Mart's counsel stated that, at the time he removed the case, he was not aware that that Amended Complaint had been filed.

Thus, at the time this action was removed, Hunter's View, Ltd., was a named Defendant, even though it had not been served (and still has not been served).  Because Wal-Mart's counsel was unaware of the existence of this additional Defendant, he did not address the citizenship of Hunter's View, Ltd., in the Notice of Removal.

The Court notes that the Amended Complaint identifies Defendant Hunter's View, Ltd., as "an Illinois corporation . . . located at 2118 South Griswold Street, Peoria, Illinois 61605." Docket No. 11, p. 2-3.  As the Court discussed with counsel, however, Defendant's designation as "Ltd." appears to indicate that it is a partnership, not a corporation.  At this point, therefore, the Court declines to presume that Defendant Hunter's View, Ltd., is an Illinois corporation with its principal place of business in Illinois.

While the Court was preparing the instant Order following the ICMC, the Court noted that Defendant Wal-Mart's Answer, while it is headed "Answer by Wal-Mart Stores, Inc," indicates that Plaintiffs' alleged claims are against "Wal-Mart Stores East, L.P."  Docket No. 6, p. 1. The Notice of Removal, however, refers to "Defendant Wal-Mart Stores, Inc.," and

2

identifies that entity as "a Delaware corporation with its principal place of business in Bentonville, Arkansas." Docket No. 1, p. 1. If Wal-Mart Stores East, L.P., is actually the proper Defendant in this action, its citizenship needs to be established as well, and the parties should submit an Agreed Order substituting Wal-Mart Stores East, L.P. as the Defendant in this action.

The burden of establishing that this Court has jurisdiction of this action rests upon Defendant Wal-Mart, which has removed the action to this Court. *Long v. Bando Mfg. of Am., Inc.,* 201 F.3d 754, 757 (6th Cir. 2000).

Therefore, on or before May 14, 2010, Defendant Wal-Mart shall file a Response to this Order establishing that the Court does, in fact, have subject matter jurisdiction of this action.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge

3