IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| JAMES DALE WILLIS and wife <br> KELLY R. WILLIS, <br><br>     Plaintiffs <br><br> VS. <br><br> WAL-MART STORES EAST, L.P., <br> JOHN DOE, INC., AND <br> HUNTER'S VIEW, LTD., <br><br>     Defendants. | No. 1:09-CV-95 <br> JURY DEMAND <br> Judge Campbell <br> Magistrate Knowles |

CASE MANAGEMENT ORDER

This cause came to be heard on the 14th day of April, 2010 before the Honorable Clifton Knowles, Magistrate for the United States District Court for the Middle District of Tennessee, pursuant to the initial case management conference in this matter. As a result of the case management conference, plaintiffs' and Wal-Mart's counsel agree to the following:

I.    **Jurisdiction and Venue**

Jurisdiction is conferred under 28 U.S.C. § 1332, relating to diversity of citizenship and parties. The parties are citizens of different states. The *ad damnum* in plaintiffs' complaint seeks damages in the amount of $987,500. This case was originally filed in the Circuit Court for Lewis County, Tennessee, and was removed by Wal-Mart on December 30, 2009 to the United States District Court for the Middle District of Tennessee.[1]

---

[1] In accordance with the Court's April 15, 2010 Order, on or before May 14, 2010, Wal-Mart is required to file a response to the Court's Order establishing that the Court does, in fact, have subject matter jurisdiction of this action.

Page -1-

## II. Parties' Theories of the Case

### 1. Plaintiff's Theory of the Case:

The plaintiffs' theories are tortious misrepresentation, defective condition, negligence, breach of warranty, failure to instruct, breach of implied warranty, strict liability, duty to inspect and duty to warn.

### 2. Wal-Mart's Theory of the Case:

Wal-Mart denies that it allegedly sold a defective or unreasonably dangerous deer stand. Additionally, Wal-Mart relies upon various affirmative defenses in accordance with Tennessee Products Liability Act, as set forth in Wal-Mart's answer. Finally, Wal-Mart relies upon Tennessee's doctrine of modified comparative fault.

## III. Schedule of Pretrial Proceedings

1. Fed. R. Civ. P. 26(a)(1) initial disclosures shall be served by May 14, 2010.

2. The deadline for plaintiffs to disclose in accordance with Fed. R. Civ. P. 26(a)(2) all experts is October 14, 2010. Additionally, plaintiffs shall identify by October 14, 2010 all treating healthcare providers that may testify at trial. Plaintiffs will disclose no more than two such treating healthcare providers.

3. The deadline for plaintiffs to complete all expert depositions for evidence is December 14, 2010.

4. The deadline for defendants to disclose in accordance with Fed. R. Civ. P. 26(a)(2) all experts is February 14, 2011. As part of its expert disclosure, defendants shall identify by February 14, 2011, all treating health care providers and/or IME experts who may testify at trial. Defendants will disclose no more than two such treating health care providers

Case 1:09-cv-00095 Document 18 Filed 04/28/10 Page 2 of 4 PageID #: 66

and/or IME experts.

5. The deadline for defendants to complete all expert depositions for evidence (including treating health care providers and/or IME experts) is March 14, 2011.

6. Plaintiffs shall have until May 14, 2011 to complete any rebuttal expert proof.

7. All discovery shall be completed by January 14, 2011.

8. Motions related to discovery shall be served and filed on or before January 21, 2011.

9. Dispositive motions shall be served and filed on or before February 14, 2011.

10. The parties presently estimate that trial will take three (3) days. June 14, 2011 is the target trial date.

### C. Discovery Limitations

The parties presently do not anticipate that enlargement of the discovery limitations set forth in the Federal Rules of Civil Procedure will be required. However, the parties reserve the right to request an enlargement from the Court should such become necessary as discovery proceeds. The parties do not anticipate any E-discovery.

### D. Other Orders

The deadline for filing motions to amend the pleadings shall be October 1, 2010, unless leave of Court is obtained for good cause shown. Otherwise, amendments to conform with the evidence as developed during discovery shall be governed by the Federal Rules of Civil Procedure.

### IV. Status of Service of Process

Defendant Wal-Mart Stores, Inc., were served on December 21, 2009.

Defendant Hunter's View, Ltd. has not been served at this time.

### V.  Status of Responsive Pleadings to the Complaint

Defendant Wal-Mart Stores, Inc., filed an answer on February 9, 2010.

### VI.  Prospects for Settlement

Unknown at present.

All of the foregoing is SO ORDERED.

_____
U.S. Magistrate Judge E. Clifton Knowles

APPROVED FOR ENTRY:

s/ Rob McKinney by Greg Callaway with
express permission granted 4-26-10
Rob McKinney, No. 16807
Jackson, Kweller, McKinney, Warden,
Lewis & Hayes
One Washington Square, Suite 103
214 Second Avenue North
Nashville, TN 37201
615/256-2602
Attorney for Plaintiffs

s/ Greg Callaway
Greg Callaway No. 18575
HOWELL & FISHER, PLLC
Court Square Building
300 James Robertson Parkway
Nashville, TN 37201-1107
(615) 244-3370
Attorney for Wal-Mart

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served via ECF upon Rob McKinney, One Washington Square, Suite 103, 214 Second Avenue North, Nashville, TN 37201 and via U.S. Mail postage prepaid upon Hunter's View, Ltd., c/o Registered Agent Mr. David Smith, President, P.O. Box 9338, Peoria, IL 61612, on this 27th day of April, 2010.

s/ Greg Callaway

F: GWC Willis, James Case Management Order4-23-10.wpd