IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| JAMES DALE WILLIS, et al. | ) |
| | ) |
| v. | ) NO. 1-09-0095 |
| | ) JUDGE CAMPBELL |
| WAL-MART STORES, INC., et al. | ) |

MEMORANDUM

Pending before the Court is a Motion for Summary Judgment (Docket No. 49) filed by Defendants Ameristep Corporation and B & B Outdoors, Inc. For the reasons stated herein, Defendants' Motion is GRANTED, and this action is DISMISSED.

FACTS

Plaintiffs' Amended Complaint (Docket No. 30) alleges that Plaintiff James Willis was injured when a tree/deer stand, purchased from Defendant Wal-Mart[1] and given to Plaintiff as a gift, broke, causing him to fall. Plaintiff's accident occurred on November 26, 2008. Plaintiffs have asserted causes of action for tortious misrepresentation, defective condition, negligence, breach of warranties, failure to instruct, strict liability, failure to inspect, and failure to warn.

On November 24, 2009, Plaintiffs filed their original Complaint, which asserts causes of action against Defendants Wal-Mart and John Doe[2], Inc., alleging that Defendant Doe was the manufacturer and/or supplier of the subject tree/deer stand. Docket No. 1. On March 15, 2010,

---

[1] Plaintiffs have no sales receipt and did not keep the written materials or box which came with the stand. Docket No. 57-2, ¶¶ 3 and 10.

[2] Neither side has raised or briefed the effect, if any, of suing a "John Doe" corporation in this case.

Plaintiffs amended their Complaint to add Defendant Hunter's View, Ltd., alleging that Defendant Hunter's View was the manufacturer and/or supplier of the subject tree/deer stand. Docket No. 11.

On October 27, 2010, Plaintiffs were allowed to file a second Amended Complaint (Docket No. 30), which adds Defendants Ameristep Corporation and B & B Outdoors, Inc. Plaintiffs' Amended Complaint alleges that Defendants John Doe, Inc., Hunter's View, LTD, Ameristep Corporation, and B & B Outdoors, Inc. were each the manufacturer and/or supplier of the tree/deer stand at issue. Docket No. 30, ¶¶ 4-7.

Plaintiffs have now admitted that Hunter's View did not manufacture the subject tree/deer stand. Docket No. 57-2, ¶ 20. Defendant Wal-Mart's Motion for Summary Judgment was unopposed and was granted on August 26, 2011 (Docket No. 59).

Plaintiffs assert that, on July 21, 2004, Plaintiffs' counsel sent a letter to Defendant Wal-Mart, requesting "information regarding the deer stands your company sold during the years of 2003 and 2004" at certain facilities (Docket No. 57-3) [3] and that Wal-Mart failed to provide the name of the manufacturer of the subject product. Plaintiffs also maintain that they sought the identity of the manufacturer again in written discovery to Wal-Mart after this action was filed, and Wal-Mart refused to identify the manufacturer. [4] After Plaintiffs discovered the name of Ameristep through the internet, Defendant Wal-Mart provided to Plaintiffs in discovery a list of five companies which

---

[3] Counsel's letter states that the make and model number of the stand are unknown. Docket No. 57-3.

[4] Plaintiffs' Interrogatory asked that Wal-Mart "name the manufacturer or company that the defendant purchased tree/deer stands, also referred to as tree climbers, from January 1, 2000 to December 1, 2008." Docket No. 57-4. Wal-Mart objected to this interrogatory, based primarily on the fact that Plaintiffs had failed to identify the specific tree/deer stand at issue or provide evidence that it was actually purchased at Wal-Mart. *Id*.

were distributors of hunting tree stands to Wal-Mart in the U.S. during 2002-2004. Docket No. 57-5. That list included the name of Ameristep.

Defendants Ameristep and B & B contend that Plaintiffs' action against them is barred by Tennessee's one-year statute of limitations applicable to this action. Defendants argue that Plaintiffs could have, through reasonable diligence, discovered the correct identity of the manufacturer of the product in issue within the statute of limitations period. Docket No. 49.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Pennington*, 553 F.3d at 450; *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986)).

## STATUTE OF LIMITATIONS

Defendants argue that Plaintiffs have provided no justification for failing to identify the proper manufacturer within the applicable time limitation. Plaintiffs have admitted that they discovered the identity of Ameristep through an internet search in October of 2010. Defendants claim that nothing prevented Plaintiffs from obtaining this information earlier, within the time limitation of the statute.

It is undisputed that Plaintiffs' claims are governed by Tennessee's one-year statute of limitations for personal injury and products liability actions. Tenn. Code Ann. §§ 28-3-104 and 29-28-103. The question of when the statute of limitations begins to run is determined by federal law. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). Under federal law, the statute begins to run when plaintiffs knew or should have known of the injury which forms the basis of their claims. *Id*. A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence. *Id.* at 501.[5]

The parties note that in determining when this cause of action arose, the Court should apply the "discovery rule." The discovery rule recognizes that a cause of action in tort does not exist until a judicial remedy is available to the plaintiff and that before a judicial remedy exists, there must be a breach of some duty owed by the defendant to the plaintiff and that breach must cause the plaintiff's injury. *Strine v. Walton*, 323 S.W.3d 480, 491 (Tenn. Ct. App. 2010).

---

[5] Plaintiffs argue that the time period should run from the date Plaintiff's injury was discovered and that the exercise of reasonable care in discovering an injury is generally a question of fact. Docket No. 57-1. There is no dispute, however, as to when Plaintiffs' *injury* was discovered. Plaintiffs knew at the time of his fall that Mr. Willis was injured.

The parties and the courts agree that the discovery rule applies to plaintiffs' knowledge of their *injuries*. There is a split of authority, however, as to whether the discovery rule applies to a plaintiff's knowledge of the identity of the defendant. Plaintiffs here, much like the plaintiff in *Schultz v. Davis*, 495 F.3d 289 (6th Cir. 2007), were put on notice at the time of the fall that Mr. Willis was injured as a result of allegedly wrongful or tortious conduct, although Plaintiffs may not have known of the specific tortfeasors. In *Schultz*, the court held that the plaintiff could have easily determined the owner of the property on which she was injured, and her claims against the owner were time-barred. *Schultz,* 495 F.3d at 293.

Applying Tennessee law, the Sixth Circuit Court of Appeals has noted that the discovery rule, operating as a judicial exception to a period of limitation, has been carefully narrowed by the Tennessee courts to ensure that the exception "does not swallow the rule." *IFC Nonwovens, Inc. v. Owens-Corning Fiberglas Corp.*, 1993 WL 272445 at * 2 (6th Cir. July 19, 1993). The court stated that the statute is tolled only during the period when the plaintiff has no knowledge at all that a wrong has occurred. *Id.* (citing Tennessee cases). Citing *Haynes v. Locks*, 711 F.Supp. 901, 903 (E.D. Tenn. 1989), the court held that while the plaintiff was attempting to identify the correct defendants, the statute of limitations was not tolled. *Id*. *IFC Nonwovens* was a products liability case involving the alleged acceleration of a fire by the defendant's product.

In *Haynes*, another products liability case, the court rejected the plaintiff's argument that the discovery rule should apply to determining the identity of the manufacturer of a product. *Haynes,* 711 F.Supp. at 903 (court finds that while the plaintiff was attempting to identify the correct defendants in this cause, the statute of limitations was not tolled.) More recently, the Sixth Circuit held that the statute of limitation is not tolled while a plaintiff attempts to identify the correct

5

defendants. *Dowdy v. Prison Health Servs.*, 2001 WL 1355623 at ** 2 (6th Cir. Oct. 26, 2001) (citing *Haynes*). *Dowdy* was a civil rights action.

In *Simmons v. South Central Skyworkers, Inc.*, 936 F.2d 268 (6th Cir. 1991), the court relied on Tennessee law, specifically *Haynes*, to find that Kentucky law does not toll the statute of limitations indefinitely while a plaintiff seeks the identity of the person causing the injury. *Id*. at 270.

A Kentucky court has recently held that Kentucky's discovery rule does not operate to toll the statute of limitations to allow an injured plaintiff to discover the identity of the wrongdoer unless there is fraudulent concealment or a misrepresentation by the defendant of his role in causing the plaintiff's injuries. [6] *Golden Oak Mining Co. v. Lucas*, ___ S.W.3d ___, 2011 WL 2416600 at * 6 (Ky. Ct. App. June 17, 2011).

Finally, this Court has held, in a class action alleging "cramming" practices (unauthorized charges on consumer billing statements), that the statute of limitations began to run on the date the injury occurred, not on the date the party causing the injury was identified. *Wike v. Vertrue, Inc.*, 2008 WL 2704429 at * 5 (M.D. Tenn. July 3, 2008).

On the other hand, in *Foster v. Harris*, 633 S.W.2d 304 (Tenn. 1982), the Tennessee Supreme Court held that the statute of limitations would not run against a plaintiff until he discovered or reasonably should have discovered (1) the occasion, manner and means by which a breach of duty occurred that produced his injury and (2) the identity of the defendant who breached that duty. *Id*. at 305. [7]

---

[6] Kentucky's discovery rule, like Tennessee's, provides that a cause of action accrues when the injury is, or should have been, discovered. *Golden Oak*, 2011 WL 2416600 at * 6.

[7] Courts have distinguished *Foster*, a medical malpractice case, from other types of cases. *See, e.g., Schultz*, 495 F.3d at 292.

6

Cases which have cited *Foster* have held, however, that the discovery rule does not necessarily delay the accrual of a cause of action until a plaintiff *actually knows* the defendant's identity, however. *See, e.g., Grindstaff v. Bowman*, 2008 WL 2219274 at * 6 (Tenn. Ct. App. May 29, 2008). Rather, a cause of action is deemed to have accrued when the plaintiff discovered, *or reasonably should have discovered*, the critical facts, including the defendant's identity. *Id.* (emphasis in original). A plaintiff has a duty to act with reasonable diligence to ascertain the identity of a defendant. *Strine v. Walton*, 323 S.W.3d 480, 492 (Tenn. Ct. App. 2010).

> Moreover, the plaintiffs cannot simply wait for information regarding a potential defendant to come to them. They have a duty to investigate and discover pertinent facts "through the exercise of reasonable care and due diligence." If their lack of knowledge was due to a lack of due diligence, they will not be allowed to plead ignorance and effectively extend the statute of limitations, by way of the discovery rule, simply because they later discovered "new" information that they "reasonably should have discovered" much earlier.

*Id.*; *Grindstaff*, 2008 WL 2219274 at *6 (citations omitted); *see also Wilson v. Delta Airlines, Inc.*, 2010 WL 2836326 at * 6 (W.D. Tenn. July 19, 2010) ("Simply because Plaintiff did not discover [defendant's] identity until approximately seventeen months after the [subject incident] is not a valid basis for extending the statute of limitations when it may have been possible to obtain this information at an earlier date with reasonable diligence.")

The Court finds the *Haynes* line of cases more persuasive. Absent fraudulent concealment or misrepresentation, neither of which is alleged here, the statute of limitations began to run on Plaintiffs' claims when Plaintiffs discovered their injury, not when Plaintiffs correctly identified the manufacturer of the product.[8]

---

[8] Plaintiffs argue that "if an multi-billion dollar corporation like the Defendant Wal-Mart could not locate the manufacturer," Plaintiffs should not be expected to find the manufacturer "so easily." Docket No. 57-1. Finding the identity of the correct manufacturer was not within the

Alternatively, the Court finds, under the *Foster* line of cases, that Plaintiffs had a duty to investigate and discover pertinent facts "through the exercise of reasonable care and due diligence" and failed to meet that duty. As noted above, the discovery rule does not necessarily delay the accrual of a cause of action until a plaintiff *actually knows* the defendant's identity.

Here, although Plaintiff's counsel requested certain information from Wal-Mart prior to filing suit, there is no evidence that Plaintiffs took additional steps before filing this action to ascertain the correct manufacturer of the product. Neither is there evidence that Plaintiffs followed up in any way on counsel's request prior to their first Amended Complaint in March of 2010. Plaintiffs have admitted, for example, that there was nothing preventing them from conducting the internet research prior to the statute expiring. Docket No. 57-2, ¶ 42. There is no evidence of what information concerning this product was available on the internet prior to Plaintiffs' discovery of the identities of these Defendants.

The efforts of Plaintiffs during the statute of limitations period to find the correct manufacturer of this product (one letter to Wal-mart), coupled with the fact that these Defendants were not added until almost two years after the accident, simply do not constitute reasonable due diligence. Unlike some cases, these defendants were not on notice of Plaintiffs' claims through some alternative means, until the second Amended Complaint, filed twenty-three months after the fall.

---

exclusive control of Wal-Mart, however, and Wal-Mart was under no duty to do Plaintiffs' investigative work.

For these reasons, the Court finds that Plaintiffs' claims against Defendants Ameristep Corporation and B & B Outdoors, Inc. are barred by the applicable statute of limitations. Defendants' Motion for Summary Judgment is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE